JOSIAH WALKER'S Adm'r. d. b. appellant *vs.* JOHN CHAMBERS, Jr., p. b , respondent.

A contract made with a minor apprentice to serve beyond full age, is invalid.

Such a contract is not against policy; it may be for the minor's benefit; and may be ratified by him after majority.

The ratification must be express. It cannot be implied from his continuing to work after full age.

A probate must be signed, as well as sworn to.

THIS was an appeal from the judgment of a justice of the peace in an action of assumpsit, for work and labor as a journeyman carpenter. The plaintiff made proof of the time and value of his work, and presented a probate sworn to, *but not signed;* and closed.

The defence offered to prove that Chambers was an apprentice to Walker, under a contract with his mother, when he was put to apprenticeship, ratified by him after majority, to work one year after he came of age.

*Mr. Bayard* objected to proof of such contract, even though ratified, as against policy. *The Court* admitted the evidence.

He then contended before the jury, that if such a contract could be ratified, the ratification must be express, and not by implication. That continuing to work after full age, did not necessarily imply a working under, or ratification of, the contract.

*Mr. Whiteley,* for defendant, contended that there was proof of express ratification. He also objected to the sufficiency of the probate.

*Mr. Bayard* admitted that the probate was insufficient, and produced another regularly signed.

*The Court,* to the jury :—The contract under which the plaintiff began his apprenticeship with Walker, does not bind him after full age. He was a minor, incapable of contracting. The mother had no power to bind him by any contract reaching beyond his full age. Yet such a contract is capable of ratification and may be made valid, by the ratification of the party, after he comes of age.

There are some contracts made with infants, which are incapable of ratification, because they are against public policy; such are contracts for goods sold a minor to trade on during his minority. Others being for the minor's benefit may be confirmed by him.

We think this contract not such as is incapable of confirmation, because of any conflict with public policy. Such contracts as this

may be for the minor's benefit; and therefore, may be ratified and confirmed by him. But such ratification must be express, and not by mere implication; and must be made with full knowledge of the party's rights. (2 *Greenl. Ev.*, 293, § 376.)

The plaintiff had a verdict.

*Mr. Bayard*, for plaintiff.

*Mr. Whiteley*, for defendant.

